IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| WORLD HEALTH INDUSTRIES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CASE NO. 3:18-CV-24-HSO-LRA<br>) |
| MITCHELL CHAD BARRETT,<br>Defendant. | )<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>) |

## COMPLAINT

Plaintiff World Health Industries, Inc. ("WHI") brings the following Complaint against Defendant Mitchell Chad Barrett ("Barrett"), stating as follows:

### PARTIES

1. WHI is a corporation organized under the laws of the State of Mississippi. It has its principal place of business in Jackson, Mississippi in Hinds County.

2. Barrett is an adult resident of the State of Florida, who may served at his residence at 4944 Hickory Shores Blvd, Gulf Breeze, FL 32563.

### JURISDICTION AND VENUE

3. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

4. The Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332 on grounds of complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy.

5. WHI demands a trial by jury.

31011106 v1

## FACTUAL BACKGROUND

6. Barrett was once the Chief Executive Officer of World Health.

7. In February 2015, disputes arose by and between WHI and Barrett related to the ownership interests and ongoing actions of the ownership of WHI.

8. On February 27, 2015, Barrett and WHI agreed upon certain terms of a settlement of their differences which included Barrett's removal from the company.

9. On April 13, 2015, Barrett and WHI executed various agreements including (1) a set of Assignment Agreements which effectuated the complete corporate divorce of the WHI-related entities and (2) the Master Settlement and Release Agreement ("MSA") settling the lawsuit styled *Mitchell Chad Barrett vs. World Health Industries, Inc., et al.*, Civil Action No. G-2015-241, in the Chancery Court of Hinds County, First Judicial District (the "Action"). [A true and correct copy of the MSA is attached hereto as Exhibit "1"].

10. Barrett is a signatory to the Assignment Agreements and the MSA. [*Id.*].

### *Relevant Terms of the MSA.*

11. Barrett is bound to the terms and conditions contained in the MSA, including certain material covenants therein.

12. Specifically, Barrett promised to fully release WHI and to

> not, indirectly or directly, instigate, participate in, encourage, or in any way assist or aid any other person or entity in any formal or informal legal action against any other Party or Parties to this Master Agreement for any matter in any way to the events and proceedings described or identified in the Recitals or Paragraph 2(a)(i), (ii) or (iii) of this Master Agreement for three (3) years from the date of the Closing Date.

13. In addition, Barrett also owes numerous indemnity obligations to WHI, including, *inter alia*:

> 7(a) To the extent not otherwise covered by insurance, Barrett agrees to indemnify and hold harmless the Company for 19.5% of any damages or

2

31011106 v1

losses incurred by the Company in the *Adams v. WHI, LLC, et. al.* lawsuit pending against it and filed prior to the Closing Date (the "Pending *Adams* Litigation"). "Losses" shall include attorneys' fees and expenses incurred by the Company in defending the Company and Barrett in the action.

. . .

7(c) To the extent not otherwise covered by insurance, Barrett agrees to indemnify and hold harmless the Company for 12.4% of any damages or losses incurred by the Company in any future litigation brought by Mack Robinson that may arise out of his alleged ownership interest in the Company (the "Potential Robinson Litigation"). "Losses" shall include attorneys' fees and expenses incurred by the Company in defending the Company and Barrett in the action.

. . .

7(e) Beyond the Pending *Adams* Litigation and the Potential *Robinson* Litigation, and to the extent not otherwise covered by insurance, Barrett agrees to indemnify and hold harmless the Company and the Remaining Owners for any damages or losses incurred by the Company, the Remaining Owners or the Remaining Owner Entities in litigation for any unilateral actions, unapproved by any Defendant, taken by Barrett personally or in his capacity as an officer of the Company or any of the entities described in Exhibit B prior to the Closing Date. "Losses" shall include attorneys' fees and expenses incurred in defending the action. These obligations shall not arise from damages or losses incurred due to actions that are known as of the Closing Date to the Company, the Remaining Owners or the Remaining Owner Entities.

14. Finally, Barrett represented to WHI that:

13(d) No representation or warranty made by Barrett in this Master Agreement, nor any statement made or furnished or to be made or furnished by Barrett to the Company or the Remaining Owners pursuant hereto, or in connection with this Master Agreement or the transactions contemplated hereby, contains or will contain any untrue statement of a material fact or omits or will omit to state a material fact necessary to make the statements contained herein or therein not misleading.

### *Barrett's Actionable Conduct in Violation of the MSA.*[1]

---

[1] Contradictorily, the validity of the Assignment Agreements and the MSA has been called into question by some companies owned by Barrett in numerous pleadings as, upon information and belief, instigated and assisted by Barrett. If these documents are somehow found to be unenforceable against Barrett or his entities, then this would have great effect on the rights and responsibilities of the parties in this litigation. WHI reserves all rights against

3

31011106 v1

15. Since the MSA, Barrett has taken tortious acts against WHI which are independently actionable. Many of his actions also breach certain covenants in the MSA. Barrett also owes WHI indemnity-related damages under the MSA.

16. Among other acts, Barrett has instigated, participated in, encouraged, assisted or aided his companies and affiliates, and other third-parties, including, but not limited to: Chris Mallick, Consigliere, LLC, Juan Hernandez, Medcap, Inc., Scott McKinney, Mack Robinson, RxPro Compounding & Pharmacy, Inc., Rx Pro of Mississippi, Inc., Global Data Systems, Inc., Care Rx Pharmacy Group, LLC, Estonna Management LLC, and World Health Jets, LLC in informal and/or formal action against WHI or that has directly harmed WHI.

17. Further, during his time as CEO of WHI and thereafter, Barrett entered into numerous, unilateral acts and agreements without WHI's knowledge which have subjected WHI to liability. Multiple litigations have arisen out of Barrett's conduct, including *Consigliere, LLC et al v. World Health Industries, Inc., et al.,* 236th Judicial District, Tarrant County, Texas, No. 236-278402-15; *Global Data Systems, Inc. v. World Health Industries, Inc., d/b/a Rx Pro,* USDC Western Division of Louisiana, Lafayette Division, 6:16-cv-01509; *K. Mack Robinson v. Jason Rutland, et al.*; Hinds County, Mississippi, Chancery Court, No. G2016-64; *Dr. John Adams, et al. v. Nova Medical Solutions, et al.*; USBC Southern District of Mississippi, Adversary No. 16-00012; *Rx Pro of Mississippi, Inc. d/b/a McDaniel Pharmacy v. World Health Industries, Inc.,* USBC Southern District of Mississippi; Adversary No. 17-00003; *Care Rx Pharmacy Group, LLC v. World Health Industries, Inc.,* USBC Southern District of Mississippi; Adversary No. 17-00004; and *Rx Pro Pharmacy & Compounding, Inc. d/b/a OpusRx v. World Health Industries, Inc.,* USBC Southern District of Mississippi; Adversary No. 17-00005, either by unilateral acts

---

Barrett and his affiliates if a judicial determination is made that these documents are unenforceable in any respect and that the intent of the corporate divorce was frustrated.

4

31011106 v1

Barrett took during his time with WHI without others' knowledge or violative actions he has taken against WHI since execution of the MSA.

18. WHI and its owners have paid damages in settlements, as well as attorneys' fees in defending **seven** separate lawsuits all a result of unilateral action taken by Barrett.

19. Under the common law, as well as under the terms of the MSA, Barrett is responsible for indemnifying WHI for these numerous and various damages.

20. Further, Barrett has failed to cooperate in various respects in litigation against WHI, including *John Adams et al. v. Nova Medical Solutions, LLC, et al.,* Hinds County, Mississippi Chancery Court; No. G-2014-626; *Shennaco Investment Corporation, Inc., et al. v. Rx Pro Compounding and Pharmacy, Inc., et al.*, 67th District Court, Tarrant County, Texas, No. 067-277477-15, *Consigliere, LLC et al v. World Health Industries, Inc., et al.,* 236th Judicial District, Tarrant County, Texas, No. 236-278402-15; *John F. Kendle v. WHIG Enterprises, LLC, et al.*; USDC Southern District of Ohio, No. 2:15-cv-1295; and *K. Mack Robinson v. Jason Rutland, et al.*; Hinds County, Mississippi, Chancery Court, No. G2016-64, among other acts, which serve as a separate and independent violation of his responsibilities under the MSA with damages resulting to WHI.

21. Finally, Barrett has conspired with others in strategizing, planning and initiating bankruptcy cases administratively consolidated in *In re: Opus Management Group, Jackson, LLC, et al.*, USBC Southern District of Mississippi, No. 16-00297, as well as four separate adversary cases therein against WHI (collectively the "Bankruptcy") as well as taking direct action against WHI and its interests during the pendency of the Bankruptcy.

22. Barrett has also interfered with WHI's business efforts and converted property belonging to WHI.

31011106 v1

23. Since the execution of the MSA, Barrett has, *inter alia*, commandeered automobiles that were purchased using WHI funds, for his personal use and the use of his family members. He took action after execution of the MSA to transfer title of these vehicles to his name and the name of his companies. He has to date refused to return the automobiles. This conversion has damaged WHI.

24. Barrett also has taken stock certificates belonging to WHI and paid for by WHI. The stock certificates were for stock interests in Fuse Medical, Inc. When Barrett and WHI parted ways, instead of removing only the Stock Certificates purchased with funds from his new companies, Barrett removed all the stock certificates in Fuse Medical, Inc. including those paid for by WHI. These Stock Certificates paid for by WHI were never returned despite multiple requests. This conversion has damaged WHI.

25. Given all of Barrett's actions as described herein, WHI must bring this suit to enforce its rights under the MSA, and to recoup damages for actions that have arisen after the execution of the MSA and independent of the Parties' rights and obligations under the MSA.

## COUNT I: BREACH OF CONTRACT

26. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

27. WHI and Barrett entered into the MSA, whereby the parties agreed to certain terms and obligations. [MSA, Exhibit 1].

28. Barrett then breached the MSA by personally taking informal and/or formal legal action against WHI, and by instigating, participating in, encouraging, assisting or aiding others, to take informal and/or formal legal action against WHI.

23. Since the execution of the MSA, Barrett has, *inter alia*, commandeered automobiles that were purchased using WHI funds, for his personal use and the use of his family members. He took action after execution of the MSA to transfer title of these vehicles to his name and the name of his companies. He has to date refused to return the automobiles. This conversion has damaged WHI.

24. Barrett also has taken stock certificates belonging to WHI and paid for by WHI. The stock certificates were for stock interests in Fuse Medical, Inc. When Barrett and WHI parted ways, instead of removing only the Stock Certificates purchased with funds from his new companies, Barrett removed all the stock certificates in Fuse Medical, Inc. including those paid for by WHI. These Stock Certificates paid for by WHI were never returned despite multiple requests. This conversion has damaged WHI.

25. Given all of Barrett's actions as described herein, WHI must bring this suit to enforce its rights under the MSA, and to recoup damages for actions that have arisen after the execution of the MSA and independent of the Parties' rights and obligations under the MSA.

## COUNT I: BREACH OF CONTRACT

26. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

27. WHI and Barrett entered into the MSA, whereby the parties agreed to certain terms and obligations. [MSA, Exhibit 1].

28. Barrett then breached the MSA by personally taking informal and/or formal legal action against WHI, and by instigating, participating in, encouraging, assisting or aiding others, to take informal and/or formal legal action against WHI.

29. Barrett has also breached the MSA for failure to cooperate in litigations including WHI.

30. Barrett has also breached the MSA for failure to indemnify WHI for certain losses and damages as required under the MSA.

31. As a direct and proximate result of these breaches by Barrett, WHI has suffered and continues to suffer damages.

32. WHI believes that discovery into this matter will show other and further involvement by Barrett against WHI in violation of the MSA and reserves the right to amend as new information becomes available or as more damages are incurred.

WHEREFORE, PREMISES CONSIDERED, World Health Industries, Inc. demands judgment against Mitchell Chad Barrett as a result of his breaches for actual, compensatory damages and punitive damages to be established at trial, as well as attorneys' fees, costs of court, expenses, pre-judgment and post-judgment interest, and such other damages as the Court may deem appropriate.

## COUNT II: MISREPRESENTATION

33. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

34. Prior to the execution of the MSA, in verbal and written communications, Barrett represented to WHI that he would not directly take informal or formal legal action against WHI nor would he instigate, participate in, encourage, assist or aid any third party in informal or formal legal action against WHI for a period of three (3) years.

35. These representations were untrue and Barrett knew them to be untrue.

36. Further, he made these representations while planning to do the very thing he promised not to do. At the time he executed the Agreement, Barrett was aware that he did not

intend to abide by the MSA's terms and had already, in fact, begun to take unilateral acts unknown to WHI in order to damage WHI and instigate direct and peripheral legal proceedings against it.

37. Barrett intended for WHI and its directors to rely on these representations and they did reasonably rely on these representations in assigning certain interests to Barrett, in executing the MSA and in not taking any of their own actions against Barrett prior to or since execution of the MSA.

38. The representations were untrue. Barrett has taken actions to instigate, participate in, encourage, assist and/or aid debtors and third parties in informal and formal proceedings against WHI.

39. WHI was unaware of these misrepresentations and Barrett's involvement in these matters until various materials were produced in the Bankruptcy and other legal proceedings involving WHI.

40. As a direct and proximate result of Barrett's misrepresentations, WHI has suffered and continues to suffer damages.

41. WHI believes that discovery into this matter will show other and further involvement by Barrett against WHI and reserves the right to amend as new information becomes available or as more damages are incurred.

WHEREFORE, PREMISES CONSIDERED, World Health Industries, Inc. respectfully requests this Court to enter Judgment against Barrett as a result of his misrepresentations for actual, compensatory and punitive damages to be established at trial, as well as attorneys' fees, costs of court, expenses, pre-judgment and post-judgment interest, and such other damages as the Court may deem appropriate.

## COUNT III: SUPPRESSION

42. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

43. Barrett represented that he would not instigate, participate in, encourage, assist or aid any third party in informal or formal legal action against WHI.

44. Barrett intended for WHI and its directors to rely on the representation and they did reasonably rely on this representation in executing the MSA and in not taking any action against Barrett since executing the MSA.

45. Since the execution of the MSA, unbeknownst to WHI, Barrett secretly instigated or assisted various parties in informal and formal litigation against WHI to which Barrett was not himself a party.

46. His efforts in assisting others against WHI are a material fact that he was under a duty to disclose to WHI under the MSA. Yet, Barrett hid the true facts of his conduct so WHI would continue to act in accordance with the MSA.

47. As a direct and proximate result of Barrett's suppression of these material facts, WHI has suffered and continues to suffer damages.

48. WHI believes that discovery into this matter will show other and further suppressions by Barrett against WHI and reserves the right to amend as new information becomes available and as more damages are incurred.

WHEREFORE, PREMISES CONSIDERED, World Health Industries, Inc. respectfully requests this Court to enter Judgment against Barrett as a result of his suppression for actual, compensatory and punitive damages to be established at trial, as well as attorneys' fees, costs of

court, expenses, pre-judgment and post-judgment interest, and such other damages as the Court may deem appropriate.

## COUNT IV: CONVERSION

49. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

50. Barrett has wrongfully exercised dominion or control over stock certificates and automobiles in the name of WHI without authorization and has even converted those items out of the name of WHI and in order to benefit himself.

51. Barrett or his affiliates intentionally, unlawfully and wrongfully continues to possess this property despite demand that it be returned.

52. WHI is entitled to the rightful and immediate possession of these items.

53. As a result, WHI has been damaged.

54. WHI believes that discovery into this matter will show other property converted by Barrett against the interest of WHI and reserves the right to amend as new information becomes available and as more damages are incurred.

WHEREFORE, PREMISES CONSIDERED, World Health Industries, Inc. respectfully requests this Court to enter Judgment against Barrett as a result of his conversion for actual, compensatory and punitive damages to be established at trial, attorneys' fees, costs of court, expenses, pre-judgment and post-judgment interest, and such other damages as the Court may deem appropriate.

## COUNT V: INTERFERENCE

55. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

31011106 v1

56. Barrett has contacted various third-parties with contracts or ongoing business relationships with WHI and has represented that WHI is either no longer operating or is not owed any money from them (and that he is in fact owed certain debts actually owed WHI).

57. Barrett has reached out to these third-parties intentionally in an effort to cause WHI damages to its lawful business.

58. Barrett has done so without right or justifiable cause and in spite of the assignments in the MSA and his continuing obligations under the MSA.

59. Barrett's actions have caused damage to WHI's business and have interfered with certain third-parties' performances under contract with WHI.

60. As a direct and proximate result of Barrett's interference, WHI has suffered and continues to suffer damages.

61. WHI believes that discovery into this matter will show other and further interferences by Barrett against the interest of WHI and reserves the right to amend as new information becomes available and as more damages are incurred.

WHEREFORE, PREMISES CONSIDERED, World Health Industries, Inc. respectfully requests this Court to enter Judgment against Barrett as a result of his interference for actual, compensatory and punitive damages to be established at trial, attorneys' fees, costs of court, expenses, pre-judgment and post-judgment interest, and such other damages as the Court may deem appropriate.

### COUNT VI: INDEMNITY

62. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

63. Under the MSA, Barrett undertook a duty to pay WHI for losses and other damages incurred.

31011106 v1

64. WHI has experienced and continues to experience losses and damages, including already expending more than $550,000 in settlement payments and legal fees in various legal proceedings that fall within the express indemnity language of the MSA. These amounts continue to grow and accrue.

65. Further, Barrett owes WHI $34,500 for payments made a part of the MSA.

66. Accordingly, Barrett is contractually obligated to indemnify WHI for these losses and damages as set forth in the MSA.

67. Common law indemnity also requires that Barrett indemnify WHI in the manner described above.

68. WHI believes that discovery into this matter will show other losses sustained by WHI are subject to the indemnity standards above and therefore owed WHI, and reserves the right to amend as new information becomes available and as more damages are incurred.

WHEREFORE, PREMISES CONSIDERED, World Health Industries, Inc. respectfully requests this Court to enter Judgment against Barrett and require him to indemnify WHI for all indemnifiable losses or damages as set forth in the MSA and/or as required under Mississippi law, including attorneys' fees, costs of court, expenses, pre-judgment and post-judgment interest, and such other damages as the Court may deem appropriate.

### COUNT VII: DECLARATORY JUDGMENT

69. WHI re-adopts the allegations in the above numbered paragraphs as if fully stated herein.

70. Barrett has willingly, systematically, excessively and continuously breached the MSA.

71. As a result, WHI is entitled to a declaration of judgment to the effect that due to Barrett's defaults, WHI shall have no further obligations or covenants to Barrett under the MSA.

31011106 v1

72. These lifted obligations shall expressly include any and all of WHI's release obligations for conduct prior to the MSA and WHI's payment and indemnity obligations to Barrett (if any).

73. Further, it should be declared that Barrett's obligations under the MSA shall continue in full force and effect.

WHEREFORE, World Health Industries, Inc. respectfully requests a declaratory judgment against Barrett declaring him in material breach of the MSA, and specifically declaring that he is not entitled to receive any further benefit of a contract he breached, and for recovery of attorneys' fees and costs of this litigation as well as such other and further relief as this Court may award.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WHI demands trial by jury in this action of all issues so triable.

Respectfully submitted this the 10th day of January, 2018.

_____
John M. Lassiter (MS Bar #102235)
Jakwiah Dyjuan ("J.D.") Cooley (MS Bar #104839)
Attorneys for Plaintiff
WORLD HEALTH INDUSTRIES, INC.

OF COUNSEL:
BURR & FORMAN LLP
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
jlassiter@burr.com
jdcooley@burr.com

31011106 v1