# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**WORLD HEALTH INDUSTRIES, INC.**                                 **PLAINTIFF**

**V.**                             **CAUSE NO. 3:18-CV-24-CWR-FKB**

**MITCHELL CHAD BARRETT**                                       **DEFENDANT**

## ORDER

In 2015, World Health Industries and its former executive, Mitchell Chad Barrett, settled litigation in the Chancery Court of Hinds County, Mississippi, by agreeing to a "Master Settlement and Release Agreement" (MSA). In 2018, World Health filed this suit in this Court alleging that Barrett had breached the MSA.

Barrett has moved to dismiss. He contends that the following paragraph in the MSA establishes jurisdiction in the Chancery Court rather than this Court.

> **21. Dispute Resolution.** Any dispute or claim related to breach of any term of this Master Agreement shall be submitted to Judge Owens or another judicial officer assigned to the Action in the Chancery Court, First Judicial District of Hinds County, Mississippi. If any party believes it to be entitled to a trial by jury on such a dispute or claim or that the dispute or claim is otherwise beyond the jurisdiction of the Chancery Court, the issue may be raised and if the Court agrees, the claim or dispute may be resolved by the Court of competent jurisdiction in the First Judicial District of Hinds County, Mississippi. The Parties expressly acknowledge that any and all attorney's fees and expenses incurred in any proceeding brought under this Paragraph shall constitute part of the damages recoverable in such proceeding. The prevailing party shall be entitled to recover its reasonable costs, attorney's fees, and expenses.[1]

World Health sees it differently. Focusing on the second sentence of Paragraph 21, World Health claims an entitlement to a jury trial and argues that it was within its rights to file this suit in this

---

[1] Similarly, a 2015 "License Agreement" entered into by World Health and Barrett provides the following:

> **8.4 Consent to Jurisdiction, Venue and Service.** All controversies, claims, issues and other disputes arising out of or relating to this Agreement (collectively, "Disputes") shall be submitted to the Chancery Court of the First Judicial District of Hinds County, and the parties hereby submit to, and waive any objection of, venue and jurisdiction in such court with respect to such issues arising out of or relating to this Agreement.

Court. World Health also contends that (1) "the thrust" of this action "does not relate to a breach of the MSA" and (2) Barrett has taken inconsistent positions regarding the applicability of the forum selection clause.

The legal standard is well-established. *See Joe McGee Constr. Co., Inc. v. White-Spunner Constr., Inc.*, No. 3:14-CV-614-CWR-FKB, 2014 WL 12707141, at *1–2 (S.D. Miss. Oct. 20, 2014). "A mandatory forum selection clause will be enforced unless the party seeking to avoid the clause makes a strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at *2 (quotation marks, citation, and ellipses omitted).

On review, the Court finds that the parties agreed to a mandatory forum selection clause when they settled their differences in 2015. Paragraph 21 of the MSA unambiguously requires MSA-related disputes to first be brought to the attention of the Chancery Court. World Health's arguments otherwise would eliminate the first sentence of Paragraph 21, contrary to the Mississippi Supreme Court's instruction to "read the contract as a whole, so as to give effect to all of its clauses." *Royer Homes of Mississippi, Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 752 (Miss. 2003) (citation omitted). Reading the sentences together, as this Court must, indicates that the Chancellor is entitled to the first pass on whether the aggrieved party (in this case, World Health) is correct that the dispute lies outside the jurisdiction of the Chancery Court.

The complaint also confirms that the majority of World Health's claims indeed concern Barrett's alleged violations of the MSA. In paragraph after paragraph, World Health recites the relevant portions of the MSA and describes how Barrett's actions breached them. *See, e.g.*, Docket No. 1 ¶15 ("Many of his actions also breach certain covenants in the MSA."); ¶19 ("under the terms of the MSA, Barrett is responsible for indemnifying WHI"); ¶25 ("WHI must

bring this suit to enforce its rights under the MSA"); ¶28 ("Barrett then breached the MSA by . . . ."); ¶29 ("Barrett has also breached the MSA for . . . ."); ¶30 ("Barrett has also breached the MSA for . . . ."); ¶70 ("Barrett has willingly, systematically, excessively and continuously breached the MSA"). World Health contends that it has asserted causes of action beyond breach of contract, but the slightest scrutiny indicates that several of those are simply recharacterized contractual disputes. *See, e.g.*, Docket No. 1 at 11 ("**COUNT VI: INDEMNITY**"). The complaint easily passes the standard set out in the MSA—that submission to the Chancellor is required whenever the aggrieved party's claims are merely *related* to breach of the agreement.

In sum, because World Health alleges that Barrett breached the MSA, its claims "shall be submitted to Judge Owens or another judicial officer assigned to the Action in the Chancery Court, First Judicial District of Hinds County, Mississippi." Docket No. 1-1 at 13. World Health's remaining arguments against Chancery Court jurisdiction are reserved for review and adjudication by the Chancery Court.

The motion to dismiss is granted. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 29th day of November, 2018.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE